```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
UNITED STATES OF AMERICA,           :
                                    :
       - v.-                        :    INFORMATION
                                    :
DARDIAN CELAJ,                      :    S2 07 Cr. 907 (SAS)
     a/k/a "Danny,"                 :
                                    :
              Defendant.            :
                                    :
------------------------------------x
```

## COUNT ONE
(Robbery Conspiracy)

The United States Attorney charges:

1.  From in or about 2002, up to in and including or about 2004, in the Southern District of New York and elsewhere, DARDIAN CELAJ, a/k/a "Danny," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, CELAJ and others agreed to break into a various residences and to rob the owners and occupants of the cash proceeds of businesses.

(Title 18, United States Code, Section 1951.)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2 7 2008

**COUNT TWO**
(Hobbs Act Robbery)

The United States Attorney further charges:

2.  On or about September 28, 2003, in the District of New Jersey and elsewhere, DARDIAN CELAJ, a/k/a "Danny," the defendant, did commit and attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, CELAJ and others robbed an individual at gunpoint of proceeds of his business, and other property, at his home in Morris County, New Jersey.

(Title 18, United States Code, Sections 1951 and 2.)

**COUNT THREE**
(Hobbs Act Robbery)

The United States Attorney further charges:

3.  On or about October 19, 2003, in the Southern District of New York and elsewhere, JOHN MELICHAREK, a/k/a "Rocky," DOMINICK MEMOLI, a/k/a "Shakes," LOUIS PIPOLO, DARDIAN CELAJ, a/k/a "Danny," ENED GJELAJ, a/k/a "Neddy," and GJELOSH KRASNIQI, a/k/a "Jimmy," the defendants, did commit and attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles

and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, CELAJ and others assaulted and restrained an individual at a residence in Orange County, New York, in an attempt to steal cash proceeds of a business.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT FOUR
(Possession Of Firearms In Connection With Crime of Violence)

The United States Attorney further charges:

4. From in or about 2002, up to and including in or about 2004, in the Southern District of New York and elsewhere, DARDIAN CELAJ, a/k/a "Danny," the defendant, unlawfully, willfully, and knowingly, did use and carry, and did aid and abet the use and carrying of, a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, and did possess, and aid and abet the possession of, a firearm, in furtherance of such crime, to wit, CELAJ participated in armed robberies of individuals at various residences, during which firearms were used, possessed, carried, and brandished.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i) and (ii) & 2.)

## COUNT FIVE
(Hobbs Act Extortion Conspiracy)

The United States Attorney further charges:

5. In or about 2007, in the Southern District of New

3

York and elsewhere, DARDIAN CELAJ, a/k/a "Danny," the defendant, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by conspiring to obtain money and property from and with the consent of other persons, to wit, a Manhattan-based restaurant owner doing business in interstate commerce, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3).

(Title 18, United States Code, Section 1951.)

### COUNT SIX
(Marijuana Distribution Conspiracy)

The United States Attorney further charges:

6.   From in or about 2001, up to and including in or about 2002, in the Southern District of New York and elsewhere, DARDIAN CELAJ, a/k/a "Danny," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

7.   It was a part and an object of the conspiracy that DARDIAN CELAJ, a/k/a "Danny," the defendant, and others known and

4

unknown, would and did distribute, and possess with intent to distribute, a controlled substance, to wit, 1,000 kilograms and more of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

**FORFEITURE ALLEGATION**

8. As the result of committing the offenses alleged in Counts One through Six of this Information, DARDIAN CELAJ, a/k/a "Danny," the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. § 1951, including but not limited to the following:  A sum of money equal to the amount of proceeds obtained as a result of the foregoing offenses, for which the defendants are jointly and severally liable.

<u>Substitute Asset Provision</u>

9. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant(s)-

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

    (Title 18, United States Code, Sections 981 and
    Title 28, United States Code, Section 2461(c)).

*[signature]*
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

- v. -

**DARDIAN CELAJ, a/k/a "Danny,"**

**Defendant.**

---

**INFORMATION**

S2 07 Cr. 907 (SAS)

(Title 18, United States Code, Sections 1951, 924(c); Title 21, United States Code, Section 846.)


                        MICHAEL J. GARCIA
                      United States Attorney.

---